

FILED & ENTERED

MAY 20 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Janet M. Kim,<br><br>Debtor. | CHAPTER 7<br><br>Case No.:  8:24-bk-12190-SC<br>Adv. No.:  8:24-ap-01140-SC<br><br>**ORDER DISMISSING ADVERSARY PROCEEDING AND VACATING TRIAL** |
| Between US Apparel, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Janet M. Kim, an individual, and Does 1 through 10, Inclusive,<br><br>Defendants. | Vacated trial:<br>Date:       May 28, 2026<br>Time:       9:30 AM<br>Courtroom:  5C |

The Court has reviewed the docket in this adversary proceeding, the Court's prior orders, the unapproved pretrial stipulation filed by Plaintiff, and the Court's trial procedures applicable to regular trials. For the reasons set forth below, this adversary proceeding is DISMISSED, and the May 28, 2026 trial is VACATED.

## I. Prefatory Statement

This dismissal does not rest on a single missed filing or an isolated technical

-1-

defect. The Court previously warned the parties that failure to cooperate and follow all local and federal rules could result in monetary and non-monetary sanctions, including dismissal of the complaint.[1] Later, after the pretrial process had not resulted in an approved pretrial stipulation and the Court nevertheless set a firm trial date, the Court expressly ordered the parties to comply with the Court's regular trial procedures and cautioned Plaintiff that failure to do so would result in dismissal of this case.[2]

Plaintiff did not comply with the Court's regular trial procedures. Plaintiff did not file a trial brief by the deadline required by those procedures. Plaintiff did not timely file trial materials, an exhibit register, or other materials demonstrating readiness for trial. Plaintiff did not seek an extension, a continuance, relief from the Court's procedures, or any other modification of the deadlines. Court orders and published trial procedures are not self-suspending.[3] When compliance is not possible, a party must seek relief from the Court. Plaintiff did not do so.

Because Plaintiff bears the burden of proof on its nondischargeability claims, and because the submitted pretrial materials reflect that the material factual and legal elements remain contested, Plaintiff's failure to comply with the trial-preparation requirements materially impairs the orderly adjudication of this adversary proceeding. The Court therefore dismisses this adversary proceeding under Federal Rule of Civil Procedure 41(b), made applicable by Federal Rule of Bankruptcy Procedure 7041, and under Federal Rules of Civil Procedure 16(f) and 37(b)(2), made applicable by Federal

---

[1] *See* Scheduling Order entered January 21, 2025 [Dk. 7] ("The parties are specifically advised to cooperate and follow all local and federal rules. The failure to do so may result in the imposition of monetary and non-monetary sanctions, including the striking of the answer and dismissal of the complaint.").

[2] *See* Order (1) Vacating Pretrial Conference and (2) Setting Trial entered December 30, 2025 [Dk. 23] ("The parties are specifically advised to cooperate and follow all local and federal rules. The parties must comply with the Court's rules and procedures for regular trials, which may be found on the Court website. Plaintiff is cautioned that the failure to do so will result in the dismissal of this case.").

[3] Court orders, including scheduling orders containing deadlines, are not mere suggestions. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). Disregard of such an order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.*

Rules of Bankruptcy Procedure 7016 and 7037.

**II. Background And Procedural History**

Plaintiff Between US Apparel LLC ("Plaintiff") commenced this adversary proceeding by filing a complaint against Defendant Janet M. Kim ("Defendant") on October 30, 2024 [Dk. 1]. The Complaint seeks a determination that an alleged debt owed by Defendant to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6). Plaintiff alleges that Defendant, through Janet M. Kim Customs Broker, Inc., failed to remit certain customs entry fees to Customs and Border Protection ("CBP") despite Plaintiff's alleged payment of those amounts, causing Plaintiff to pay $47,609.84 directly to CBP and incur $17,606.33 in late penalties.

Defendant filed an answer on November 18, 2024 [Dk. 4]. The answer denied the substantive allegations in paragraphs 6 through 43 of the Complaint and requested dismissal of the Complaint.

On January 21, 2025, the Court entered a Scheduling Order [Dk. 7]. Among other things, the Scheduling Order set a discovery cutoff of May 27, 2025, a non-discovery motion cutoff of July 1, 2025, and a pretrial conference for August 19, 2025. The Scheduling Order also specifically advised the parties to cooperate and follow all local and federal rules and warned that failure to do so could result in monetary and non-monetary sanctions, including striking the answer and dismissal of the complaint.

On August 5, 2025, Plaintiff filed a pretrial stipulation [Dk. 14]. The pretrial conference was later continued. On October 14, 2025, Plaintiff filed an amended pretrial stipulation [Dk. 17]. The amended pretrial stipulation was not approved by the Court. The amended pretrial stipulation reflects that nearly all material factual issues are contested, including whether Defendant was authorized to act under the Customs Power of Attorney, whether Defendant sent invoices for required CBP entry fees, whether Plaintiff timely paid Defendant, whether Defendant failed to pay CBP, whether Plaintiff paid CBP directly, and whether Plaintiff suffered the alleged damages. The amended pretrial stipulation also reflects that all material elements of Plaintiff's §

523(a)(2), § 523(a)(4), and § 523(a)(6) claims remain contested.

On December 30, 2025, the Court entered an Order (1) Vacating Pretrial Conference and (2) Setting Trial [Dk. 23]. The order vacated the January 6, 2026 pretrial conference and set trial for May 28, 2026 at 9:30 a.m. The order further provided:

> The parties are specifically advised to cooperate and follow all local and federal rules. The parties must comply with the Court's rules and procedures for regular trials, which may be found on the Court website.
>
> Plaintiff is cautioned that the failure to do so will result in the dismissal of this case.

[Dk. 23].

The Court's regular trial procedures require trial briefs to be filed and served not less than fourteen calendar days before trial, with a judge's copy served by personal delivery or overnight mail to chambers on the same date. The Court's regular trial procedures also require parties presenting exhibits to comply with Local Bankruptcy Rule 9070-1(a), including identifying and marking exhibits, preparing an exhibit register, and delivering four copies and one original of exhibit binders to chambers fourteen days before trial.

Because trial was set for May 28, 2026, the fourteen-day trial-preparation deadline was May 14, 2026. As of entry of this order, Plaintiff had not filed a trial brief, exhibit register, proposed trial exhibits, or any motion seeking an extension, continuance, or relief from the Court's trial procedures. Nor has Plaintiff otherwise demonstrated compliance with the Court's regular trial procedures.

**III. Legal Standards**

Federal Rule of Civil Procedure 41(b), made applicable by Federal Rule of Bankruptcy Procedure 7041, authorizes dismissal where a plaintiff fails to prosecute or fails to comply with the Federal Rules of Civil Procedure or a court order. The Court also has inherent authority to dismiss an action *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962).

-4-

Federal Rule of Civil Procedure 16(f), made applicable by Federal Rule of Bankruptcy Procedure 7016, authorizes sanctions if a party or its attorney fails to obey a scheduling or other pretrial order. Rule 16(f) incorporates sanctions available under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), including dismissal of an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Bankr. P. 7037.

Failure to follow court rules and filing requirements may support dismissal, but the Court must weigh the same five factors before imposing that sanction. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). Those factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

The same five-factor framework applies where dismissal is based on failure to obey a court order, whether dismissal is analyzed under Rule 41(b) or under Rule 16(f), via Rule 37(b)(2). *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Although explicit findings are not required if the reviewing court can determine from the docket that the trial court considered the relevant factors, the Court makes those findings here. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

## IV. Application of The Dismissal Factors

### A. Public Interest in Expeditious Resolution of Litigation

This factor weighs in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Plaintiff's failure to comply with the May 14, 2026 trial-preparation deadline prevents this adversary proceeding from proceeding to trial in the manner required by the Court's December 30, 2025 order and regular trial procedures.

This adversary proceeding was filed on October 30, 2024. The Court set

discovery and motion deadlines in January 2025, later addressed pretrial issues, and ultimately vacated the continued pretrial conference and set a firm trial date. The December 30, 2025 order gave Plaintiff clear notice that the Court's regular trial procedures applied and that Plaintiff's failure to comply would result in dismissal. Plaintiff did not comply with the trial-preparation requirements due fourteen days before trial. Plaintiff did not file a trial brief, did not timely submit trial materials, and did not request relief from the applicable deadlines. The May 14, 2026 deadline was not a collateral or immaterial deadline. It was the deadline necessary to allow the Court and the parties to prepare for a May 28, 2026 trial.

Plaintiff's failure to comply prevents the case from proceeding in an orderly manner to trial. The resulting delay and disruption weigh in favor of dismissal.

### B. The Court's Need to Manage its Docket

This factor also weighs in favor of dismissal. The trial court is in the best position to determine whether delay in a particular case interferes with docket management and the public interest. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The Court set a firm trial date and directed the parties to follow regular trial procedures. The procedures required trial briefs and exhibit submissions fourteen days before trial so that chambers could prepare, evidentiary issues could be identified, and the trial could proceed efficiently. Plaintiff's noncompliance deprived the Court of the materials required for trial preparation and created last-minute uncertainty concerning whether Plaintiff is prepared to prosecute the case.

The Court has already devoted case-management resources to this adversary proceeding, including setting deadlines, continuing pretrial proceedings, and entering the December 30, 2025 order setting trial and warning Plaintiff of dismissal. Plaintiff's failure to comply with the Court's trial procedures impairs the Court's ability to manage the trial calendar and to use judicial resources efficiently. The Ninth Circuit has recognized that failure to comply with deadlines and court orders wastes judicial resources and interferes with docket management. *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992). This factor weighs in favor of dismissal.

## C. Risk of Prejudice to Defendant

This factor weighs in favor of dismissal. Delay alone may be sufficient to support a finding of prejudice, although the Court evaluates prejudice in light of whether the delay is unreasonable and threatens to interfere with the rightful decision of the case. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991); *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002).

Defendant is entitled to know, before trial, the evidence Plaintiff intends to present and the legal and factual basis on which Plaintiff intends to proceed. This is especially important here because Plaintiff bears the burden of proof, the material facts are contested, and the case appears to depend significantly on documentary evidence. The amended pretrial stipulation lists Plaintiff's anticipated exhibits as the Customs Power of Attorney, entry summaries and invoices, Plaintiff's payment records, and CBP penalty notices. Plaintiff's failure to timely comply with the exhibit and trial-brief requirements impairs Defendant's ability to prepare for trial and forces Defendant to face uncertainty regarding Plaintiff's intended proof.

Permitting Plaintiff to file late trial materials or continuing the trial to allow Plaintiff another opportunity to comply, would prejudice Defendant by extending the proceeding and altering the trial-preparation schedule after the deadline had already passed. Plaintiff did not seek timely relief from the deadline and has provided no explanation for the noncompliance. This factor weighs in favor of dismissal.

## D. Public Policy Favoring Disposition on The Merits

This factor weighs against dismissal. There is a general public policy preference for resolving disputes on their merits. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). The Court recognizes that Plaintiff seeks a determination of nondischargeability under 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6), and that dismissal prevents adjudication of those claims at trial.

That policy, however, does not outweigh the other factors under these

circumstances. Plaintiff was the party that commenced this adversary proceeding. Plaintiff was warned that failure to comply with the Court's trial procedures would result in dismissal. Plaintiff then failed to comply with the procedures necessary to present its claims at trial and did not seek relief from the Court. The policy favoring disposition on the merits does not permit a plaintiff to ignore court orders, trial procedures, and deadlines necessary to reach the merits in an orderly and fair manner.

This factor weighs against dismissal, but it is outweighed by the remaining factors.

### E. Availability of Less Drastic Sanctions

This factor weighs in favor of dismissal. The Court has considered less drastic alternatives, including issuing another order to show cause, continuing the trial, imposing monetary sanctions, precluding exhibits, or dismissing without prejudice. Those alternatives are not adequate here. Plaintiff previously received express warnings. The January 21, 2025 Scheduling Order warned that failure to cooperate and follow all local and federal rules could result in monetary and non-monetary sanctions, including dismissal of the complaint. The December 30, 2025 trial-setting order then specifically warned Plaintiff that failure to comply with the Court's regular trial procedures would result in dismissal. Warnings that noncompliance will result in dismissal and prior opportunities to comply may satisfy the requirement that the Court consider less drastic sanctions. *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff had notice of the consequence of noncompliance and had an opportunity to comply by May 14, 2026. Plaintiff did not comply and did not seek relief. An order to show cause would undermine the express warning already given and would not advance the timely resolution of this adversary proceeding. The Supreme Court has recognized that the adequacy of notice and hearing depends substantially on the knowledge the circumstances show the party had of the consequences of its own conduct. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632-33 (1962). Here, Plaintiff had

express notice because the December 30, 2025 order cautioned that failure to comply with the Court's regular trial procedures would result in dismissal.

A continuance also is not adequate. The Court's regular trial procedures state that trial dates are firm and generally will not be continued absent compelling reasons and the interests of justice. Plaintiff has not requested a continuance, shown compelling reasons, or attempted to explain the failure to comply. Continuing the trial would reward noncompliance and would impose additional delay on Defendant and the Court. Monetary sanctions are not adequate because the defect is not merely a compensable expense. Plaintiff failed to comply with the trial-preparation requirements necessary for the Court and Defendant to prepare for trial, despite an express caution that the failure to do so would result in dismissal.[4] Monetary sanctions would not cure the absence of timely trial briefs and exhibit submissions, nor would they restore the trial-preparation schedule.

Exhibit preclusion also is not an adequate substitute for dismissal. The Court's trial procedures warn that failure to submit exhibits will preclude the noncomplying party from introducing exhibits at trial. Here, Plaintiff's own pretrial materials identify documentary exhibits central to its claims. Because Plaintiff bears the burden of proof and nearly all factual and legal elements remain contested, precluding Plaintiff's exhibits would likely prevent Plaintiff from presenting its case in any meaningful way. Requiring the parties and the Court to appear for trial merely to impose exhibit preclusion and then

---

[4] To the extent Plaintiff's noncompliance could be cured only by modifying the trial schedule, permitting late trial filings, or continuing the trial, such relief has not been requested or justified. Federal Rule of Civil Procedure 16 is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7016. Rule 16(e) provides that "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). In determining whether modification is warranted, courts consider "(1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Here, no party has moved to modify the Court's December 30, 2025 order, sought relief from the Court's regular trial procedures, requested a continuance, or requested an extension of the May 14, 2026 trial-preparation deadlines. Nor has Plaintiff made any showing that modification is necessary to prevent manifest injustice.

address Plaintiff's inability to proceed would not be a more efficient or effective alternative.

The Court therefore finds that less drastic sanctions would not be effective under these circumstances.

### F. Balancing of The Factors

The public interest in expeditious resolution, the Court's need to manage its docket, the risk of prejudice to Defendant, and the lack of effective lesser sanctions all weigh in favor of dismissal. The public policy favoring disposition on the merits weighs against dismissal, but it does not outweigh the other factors.

The Court does not base dismissal on the factual merits of Plaintiff's nondischargeability claims. The dismissal is based on Plaintiff's failure to prosecute this adversary proceeding through trial, failure to comply with the Court's December 30, 2025 order, failure to comply with the Court's regular trial procedures, and failure to seek timely relief from the applicable deadlines after express warning that noncompliance would result in dismissal.

### V. Conclusion

For the foregoing reasons:

1. This adversary proceeding is DISMISSED; and,

2. The trial set for May 28, 2026 at 9:30 a.m. is VACATED;

**IT IS SO ORDERED.**

###

Date: May 20, 2026

Scott C. Clarkson
United States Bankruptcy Judge